STATE, ANDREW H. GREEN ET AL., EXECUTORS, PROSE-
CUTORS, v. JERSEY CITY.

Under the charter of Jersey City, (*Pamph. L.* 1871, *p.* 1126,) and the supplement, (*Pamph. L.* 1873, *p.* 406,) if remonstrances against an improvement are presented to the board of public works, signed by the owners of property liable to more than one-half the assessment therefor, at or before the time fixed for hearing, the board can proceed

no further with the improvement.   In reckoning the remonstrants, all remonstrances presented after the proceeding is commenced, and up to and on the day fixed for hearing, are to be considered.

On *certiorari.*

Argued at June Term, 1880, before Justices SCUDDER and MAGIE.

For the prosecutors, *Scudder & Vredenburgh.*

For the defendant, *A. L. McDermott.*

The opinion of the court was delivered by

MAGIE, J.   The *certiorari* in this case was the subject of a motion to dismiss.   The opinion of the court upon that motion was read by Reed, J., and will be found *ante p.* 119. The reason then urged for dismissal is again presented, by way of objection, to the consideration of the case.   It is insisted that, since the contract to build the sewer in question had been already made, the allowance of this *certiorari* was forbidden by the provisions contained in Section 66 of the charter of Jersey City, (*Pamph. L.* 1871, *p.* 1126,) and that this court has no right to examine the proceedings brought up by the writ.   The conclusions arrived at by the court and enunciated in the opinion referred to, are entirely satisfactory, and no time need be spent in considering the objection, which was then really disposed of.   For the reasons then given by the court, this objection cannot now prevail.

I proceed to inquire whether the contract so made was within the power of the city, and whether the proceedings relating thereto can be sustained upon the facts now appearing.

The requirements of the law in respect to the construction of sewers in Jersey City are set out with great particularity in the opinion above referred to.   It seems unnecessary to repeat them here.   The insistment of prosecutors is that, before the contract in question was made, and within the time fixed by the charter, remonstrances against this sewer were presented.

to the board of public works, signed by the owners of property liable to more than one-half of the assessment therefor. If that be so, then, by force of the provisions contained in Section 24 of the supplement of 1873, (*Pamph. L., p.* 406,) the board could " proceed no further with the improvement."

The difficulty in respect to the remonstrances occurs from the following circumstances: In the course of the proceedings respecting this sewer, a contract for its construction having been awarded to Tuohy & Ward, the board of public works fixed March 10th, 1879, as the time to receive remonstrances and objections against the improvement. By that time, various remonstrances were received, but admittedly not signed by a sufficient number of objectors to bar the further prosecution of the work. Consequently, the board of public works proceeded to make the contract with Tuohy & Ward. Afterward, Tuohy & Ward appear to have refused to proceed with their contract. The board thereupon re-advertised for proposals, and afterward awarded the contract to John Y. Condon. They then proceeded to make another " preliminary sketch" of the property to be assessed and the probable amount of assessment per foot frontage, pursuant to the provisions of Section 24, above referred to, and fixed on September 22d, 1879, as the time to receive remonstrances and objections, of which notice seems duly to have been given. At that time, other remonstrances were presented. They contained the names of some who had signed the remonstrances presented March 10th, but did not include objectors sufficient in ownership to arrest the further proceedings. It is admitted, however, that if, to the names of those who signed the remonstrances presented September 22d, there be added the names of those who signed the remonstrances presented March 10th—and who did not sign the former—the owners of property liable to more than one-half the assessment remonstrated against the improvement. The board, however, apparently taking the view that only the remonstrances which were presented September 22d were to be considered, proceeded to make the contract with Condon.

In this action, it seems to me the board were manifestly in error. The proceeding to construct this sewer was, from its inception to the making of the contract, but one proceeding. By Section 24, above cited, it is provided that remonstrances sufficient in amount, presented "at or before" the time appointed for hearing objections, shall prevent the further prosecution of the work. The remonstrances are required to be not against the contract, but "against the improvement." In this case, it appears that, pending the proceeding, there were presented to the proper board remonstrances against the improvement. Including all that were presented after the proceeding commenced, and up to and on the day fixed for hearing, sufficient remonstrances were presented to stop the proceedings. It seems to me that all these remonstrances were to be considered, and that thereupon the board had no further power to proceed with the improvement. Consequently, all the proceedings after these remonstrances were put in, must be set aside.

This result will render it unnecessary to consider the other objection made by prosecutors.